# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL L. GRINDLE<br><br>    Plaintiff,<br><br>v.<br><br>CINETOPIA PRAIRIEFIRE, LLC<br>Serve Registered Agent:<br>Rudyard Coltman<br>12345 SW Horizon Blvd, Suite 231<br>Beaverton, OR 97007<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CIVIL COMPLAINT FOR DAMAGES

  COMES NOW, Plaintiff Daniel L. Grindle, by and through counsel of record, and for his cause of action against Defendants Cinetopia Prairiefire, LLC hereby states and alleges as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

  1. Plaintiff Daniel L. Grindle (hereafter "Plaintiff") is, and at all times relevant herein was, a resident of Overland Park, Johnson County, Kansas.

  2. Defendant Cinetopia Prairiefire, LLC ("Cinetopia") is/was a limited liability company authorized to do business in the state of Kansas.  Rudyard Coltman is a resident of Beaverton, Oregon and was at all relevant times a member who owns or owned more than 5% of capital in Cinetopia Prairiefire, LLC and also served as its registered agent.  Cinetopia Prairiefire, LLC may be served through its registered agent Rudyard Coleman at 12345 SW Horizon Boulevard, Suite 231, Beaverton, Oregon, 97007.

3. Plaintiff is a citizen and resident of the state of Kansas, Defendant Cinetopia Prairiefire, LLC is a resident of the state of Oregon.  The matter in controversy exceeds, exclusive of the interest and costs, the sum specified by 28 U.S.C. § 1332.

4. Jurisdiction and venue are proper with this Court.

5. On or about May 1, 2018, Plaintiff was a business invitee at the Cinetopia Prairiefire, LLC (hereinafter sometimes referred to as "Cinetopia") located at 5725 W. 135th Street, Overland Park, Johnson County, Kansas 66223.

6. On that day, Plaintiff arrived at Cinetopia with his family to watch the 7:30 p.m. showing of "Avengers: Infinity War" in the its GXL theater.

7. At that time, a dangerous condition existed on Defendant's premises, namely a raised and unmarked black electrical outlet cover located in the center of the floor in a darkened hallway which served as the entrance and exit to the theater's auditoriums.  The raised outlet cover is depicted below:



8. The outlet provided electricity to a movable ticket taking kiosk for all theater patrons, including Plaintiff, as they proceeded to the Cinetopia's auditoriums. The kiosk covered and or surrounded the outlet protecting Plaintiff, and the public, from the trip and fall hazard which it created.

9. After the movie was over, Plaintiff exited the GXL auditorium and walked through the hallway with his family toward Cinetopia's front exit. At that time, the kiosk which had once covered the outlet had been moved.

10. Plaintiff, unable to see the hazardous condition on Defendant's premises, warning tripped and fell to the floor resulting in injury.

11. Defendant knew, or by using ordinary care, could have known of the above described hazardous condition.

12. Defendant must keep its property safe for customers.

13. Defendant must protect and/or warn customers against known hazardous conditions.

14. As a direct and proximate result the negligence of Defendant Cinetopia, Plaintiff suffered serious permanent injuries as described more full herein.

## COUNT 1 - NEGLIGENCE

15. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16. Defendant, as owner and operator of the theater, was negligent and careless in that it:

    a) Failed to maintain the area in a reasonably safe condition;

    b) Failed to warn the Plaintiff of the danger presented by the raised electrical outlet;

3

        c)        Failed to use ordinary care to barricade and/or remove the above described hazardous condition;

        d)        Failed to use ordinary care to remove other slip, trip and fall hazards which contributed to the danger presented by the raised electrical outlet; and

        f)        Failed to otherwise exercise due care with respect to the matters alleged in this Petition;

17.    As a direct and proximate result of the negligence of the Defendants as set forth above, Plaintiff fell on the premises.

18.    As a direct and proximate result of the above mentioned deficiencies, Defendant's premises were not reasonably safe.

19.    It was feasible for the Defendants to place a sign, trashcan, kiosk, or other device to warn and/or protect Plaintiff, and the public, of the hazardous condition described above.

20.    As a direct and proximate result of the negligent acts and omissions on the part of Defendant, Plaintiff has suffered, and will continue to suffer in the future, personal injuries and damages including, but not limited to, a fracture to his left hip and sustained injuries to his person; plaintiff has suffered and will in the future suffer great bodily pain, shock loss of sleep, rest, mental worry, embarrassment, anguish and nervousness; Plaintiff has incurred hospital and medical expenses, and plaintiff will in the future incur additional expenses for treatment and care of his injuries; his ability to pursue and enjoy the normal pursuits of life has been impaired and will continue to be in the future.

WHEREFORE Plaintiff Daniel L. Grindle prays judgment against Defendants, and each of them, in an amount in excess of $75,000.00, such as will fairly and reasonably compensate plaintiff for his damages, for his costs incurred herein, and for such further relief as the Court deems just and proper under the circumstances of this case.

## JURY TRIAL DEMAND

Plaintiff respectfully demands trial by jury on all issues herein.

        Respectfully submitted,

        KANSAS CITY ACCIDENT
        INJURY ATTORNEYS

        */s/ James E. Brady, III*

        James M. Roswold, KS # 16468
        James E. Brady, III, KS # 78383
        510 Walnut St., Ste. 100
        Kansas City, MO  64106
        P: (816) 471-5111
        F: (816) 359-3163
        *james@kcaccidentattorneys.com*
        *jim@kcaccidentattorneys.com*
        ATTORNEYS FOR PLAINTIFF