**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DANIEL L. GRINDLE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-2092-KHV |
| | ) | |
| CINETOPIA PRAIRIEFIRE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO SHOW CAUSE

On February 28, 2020, Daniel L. Grindle sued Cinetopia Prairiefire, LLC, alleging that defendant negligently caused him to fall and injure himself. Civil Complaint For Damages (Doc. #1). Plaintiff's complaint alleged subject matter jurisdiction based on diversity of citizenship because plaintiff is a citizen of Kansas while defendant (a limited liability company) is a citizen of Oregon. Plaintiff did not, however, allege the citizenships of all of defendant's members – which is the relevant jurisdictional fact. On March 23, 2020, defendant requested that the Court dismiss plaintiff's complaint for lack of jurisdiction. Cinetopia Prairiefire, LLC's Motion To Dismiss (Doc. #6). Specifically, defendant asserted that it is a citizen of Kansas because it is a corporation (not a limited liability company) that is incorporated in and has its principal place of business in Kansas. Memorandum In Support Of Cinetopia Prairiefire, LLC's Motion To Dismiss (Doc. #7) filed March 23, 2020. Accordingly, because plaintiff is also a citizen of Kansas, the parties are not completely diverse.

On March 26, 2020, plaintiff filed his First Amended Complaint (Doc. #13), which makes further allegations regarding defendant's citizenship. Specifically, plaintiff alleges that defendant is a limited liability company, that its member Rudyard Coltman is a citizen of Oregon and that its

remaining members, "if any," are citizens of states other than Kansas.  On March 30, 2020, defendant filed its Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11), which asserts that plaintiff's conclusory allegations regarding the citizenship of its members are insufficient to establish subject matter jurisdiction.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss the action "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).  Because federal courts have limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Plaintiff therefore bears the burden of showing that jurisdiction is proper and must demonstrate that the Court should not dismiss the case. Id.  Conclusory allegations of jurisdiction are not enough. Jensen v. Johnson Cty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

To invoke diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show that when he filed his complaint, he was completely diverse from defendant – which means that the parties were not citizens of the same state. Grice v. CVR Energy, Inc., 921 F.3d 966, 968 (10th Cir. 2019).  For purposes of diversity jurisdiction, a person is a citizen of the state in which he is domiciled, while a limited liability company takes the citizenship of each of its members. Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1236 (10th Cir. 2015).

Here, plaintiff has not adequately alleged defendant's citizenship.  Specifically, he has not alleged the citizenship of each of defendant's members, but seems to effectively guess that *if* defendant has members other than Coltman (a citizen of Oregon), such hypothetical members "are citizens of states other than the state of Kansas." First Amended Complaint (Doc. #13) at 1.  This conclusory allegation is insufficient to establish subject matter jurisdiction, Protheroe v. Masarik,

No. 18-2128-JAR-TJJ, 2018 WL 3213322, at *2 (D. Kan. Apr. 12, 2018), report and recommendation adopted, No. 18-2128-JAR, 2018 WL 2113235 (D. Kan. May 8, 2018) (factual allegations must be enough to raise right to relief above speculative level), and appears to violate Rule 11(b)(3), Fed. R. Civ. P. (attorneys certify to best of their knowledge, information or belief, "formed after an inquiry reasonable under the circumstances," that factual contentions in pleading have evidentiary support or, "if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

**The Court therefore orders plaintiff to file by 5:00 P.M. on April 9, 2020 a more definite statement of facts which establishes subject matter jurisdiction, i.e., the citizenship of each of defendant's members. Furthermore, the Court orders plaintiff's attorneys to show cause in writing by 5:00 P.M. on April 9, 2020 why the Court should not sanction plaintiff and his attorneys for violating Rule 11, Fed. R. Civ. P.**[1]

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11) filed March 30, 2020 is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that plaintiff file by **5:00 P.M. on April 9, 2020** a more definite statement of facts which establishes subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's attorneys show cause in writing by **5:00 P.M. on April 9, 2020** why the Court should not sanction plaintiff and his attorneys for violating Rule 11, Fed. R. Civ. P.

Dated this 3rd day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil

---

[1] Pursuant to Rule 11(c)(4), the Court may impose sanctions that are sufficient to "deter repetition of the conduct or comparable conduct by others similarly situated." This includes nonmonetary directives and financial penalties.

KATHRYN H. VRATIL
United States District Judge