IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DANIEL L. GRINDLE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-2092-KHV |
| | ) | |
| CINETOPIA PRAIRIEFIRE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 26, 2020, Daniel L. Grindle filed his First Amended Complaint (Doc. #13), which alleges that Cinetopia Prairiefire, LLC negligently caused him to fall and injure himself. Plaintiff alleged subject matter jurisdiction based on diversity of citizenship because he is a citizen of Kansas while defendant (a limited liability company) is a citizen of Oregon.  On March 30, 2020, defendant filed its Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11), which asserted that plaintiff's conclusory allegations regarding the citizenship of its members are insufficient to establish diversity jurisdiction.[1]  This matter is before the Court on Plaintiff's Motion For Oral Argument On Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #15) filed April 1, 2020.  For the reasons stated below, the Court overrules plaintiff's motion.

**Procedural Background**

On February 28, 2020, plaintiff filed his Civil Complaint For Damages (Doc. #1), which alleged subject matter jurisdiction based on diversity of citizenship because he is a citizen of

---

[1] On April 3, 2020, the Court overruled as moot defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11). Order To Show Cause (Doc. #19).

Kansas while defendant (a limited liability company) is a citizen of Oregon. Plaintiff, however, did not allege the citizenship of all of defendant's members — which is the relevant jurisdictional fact. On March 23, 2020, defendant asked the Court dismiss plaintiff's complaint for lack of jurisdiction. Cinetopia Prairiefire, LLC's Motion To Dismiss (Doc. #6). Specifically, defendant asserted that it is a citizen of Kansas because it is a corporation (not a limited liability company) that is incorporated in and has its principal place of business in Kansas. Memorandum In Support Of Cinetopia Prairiefire, LLC's Motion To Dismiss (Doc. #7) filed March 23, 2020. Accordingly, it argued that because plaintiff is also a citizen of Kansas, the parties are not completely diverse.

On March 26, 2020, plaintiff filed his First Amended Complaint (Doc. #13), which makes further allegations regarding defendant's citizenship. Specifically, plaintiff alleges that defendant is a limited liability company, that its member Rudyard Coltman is a citizen of Oregon and that its remaining members, "if any," are citizens of states other than Kansas. On March 30, 2020, defendant filed its Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11), which again asserts that plaintiff's conclusory allegations regarding the citizenship of its members are insufficient to establish subject matter jurisdiction.

On April 1, 2020, plaintiff filed his Motion For Oral Argument On Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #15), which asks that the Court conduct a hearing to resolve defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11). According to plaintiff, defendant's motion "requires immediate resolution because any delay has the potential to prejudice Plaintiff's ability to pursue his cause of action with this Court." Motion For Oral Argument On Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #15). Plaintiff apparently believes that unless the Court decides subject matter jurisdiction by April 30, 2020 — allegedly the end of the statute of limitations period — he will

lose the ability to pursue his claim in federal court.  See Plaintiff's Memorandum In Opposition To [Defendant's] Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #14) filed March 31, 2020 (defendant's motions are attempts to "either push the present case into a court of general jurisdiction or run the clock out and deny Plaintiff redress for his injuries").

On April 3, 2020, the Court overruled as moot defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11), and ordered plaintiff to file a more definite statement of facts which establish subject matter jurisdiction.  Order To Show Cause (Doc. #19).  On April 9, 2020, plaintiff filed his response to the Court's order, which alleged that when he filed his complaint: (1) plaintiff was a citizen of Kansas; (2) defendant was a limited liability company; (3) defendant's filing with the Kansas Secretary of State listed all of its members that have at least a five per cent interest, and the filing only listed Coltman; (4) Coltman was a citizen of Oregon; and (5) other public filings only suggest the possibility that defendant had members other than Coltman, but none of the filings show that these other possible members were Kansas citizens.[2] Plaintiff's Response To Show Cause Order (Doc. #20).

On April 10, 2020, the Court ordered defendant to respond to the factual contentions in Plaintiff's Response To Show Cause Order (Doc. #20).  Order (Doc. #21).  On April 14, 2020, defendant filed its Response To Plaintiff's Factual Contentions (Doc. #22), which largely ignores the factual contentions at issue and disregards the Court's order.  Specifically, it admits that it is a

---

[2]  With respect to the last allegation, plaintiff alleges that defendant's only other possible member is "Cinetopia, LLC."  Specifically, plaintiff alleges that on May 4, 2018, Cinetopia, LLC filed an unrelated lawsuit in this Court and described itself as a limited liability company which owned and operated the Cinetopia Overland Park 18 in Overland Park, Kansas — which is the name that defendant used to identify its theater in Overland Park, Kansas.  From this information, plaintiff discerns that in addition to Coltman, Cinetopia, LLC is a possible member of defendant.  Plaintiff further alleges that according to 2014 public filings, the members of Cinetopia, LLC were Coltman and "Cinetopia Holdings, LLC."  Plaintiff was unable to identify the members of Cinetopia Holdings, LLC.

limited liability, but it does not mention plaintiff's allegations regarding the membership of the LLC when plaintiff filed his complaint. Defendant instead states that "on May 1, 2018, the day of plaintiff's fall, the only member of [defendant] was Cinetopia Holdings LLC, not Rudyard Coltman." Response To Plaintiff's Factual Contentions (Doc. #22). With respect to the 2018 lawsuit which indicates that Cinetopia, LLC is possibly defendant's other member, defendant mysteriously asserts without explanation that it (Cinetopia Prairiefire, LLC) "is a different entity than" Cinetopia LLC. Id.

## Legal Standard

A federal court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss the action "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Because federal courts have limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, plaintiff bears the burden of showing by a preponderance of the evidence that jurisdiction is proper. Id.; Wyandotte Nation v. Salazar, No. 11-2656-JAR, 2012 WL 3156810, at *2 (D. Kan. Aug. 3, 2012). Conclusory allegations of jurisdiction are not enough. Jensen v. Johnson Cty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

## Analysis

Plaintiff asserts that the Court has subject matter jurisdiction based on diversity of citizenship. To invoke diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show that when he filed his complaint, he had complete diversity of citizenship from defendant, which means that they were not citizens of the same state. Grice v. CVR Energy, Inc., 921 F.3d 966, 968 (10th Cir. 2019); Hakan Agro DMCC v. Unova Holdings, LLC, 640 F. App'x 821, 824 (10th Cir. 2016)

(diversity measured when complaint filed).  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled, while a limited liability company borrows the citizenship of each of its members.  Martinez v. Wurtz, No. 08-3008-SAC, 2008 WL 341469, at *2 (D. Kan. Feb. 6, 2008); see Mgmt. Nominees, Inc. v. Alderney Investments, LLC, 813 F.3d 1321, 1325 (10th Cir. 2016).

Here, defendant asked the Court to dismiss plaintiff's complaint because his conclusory allegations regarding the citizenship of its members are insufficient to establish diversity jurisdiction.  Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #11).  Plaintiff then asked the Court to conduct a hearing to resolve defendant's motion.  Motion For Oral Argument On Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #15).  Because the Court overruled defendant's motion to dismiss, plaintiff's motion is moot.  See Order To Show Cause (Doc. #19).

On this record, especially given the Coronavirus Disease-2019 pandemic,[3] a hearing would basically accomplish nothing.  Plaintiff's factual contentions establish the following: when he filed his complaint, defendant's public filings showed that Coltman (an Oregon citizen) was the only member with a greater than five per cent interest, and that the only other possible member was Cinetopia, LLC, whose members were Coltman and Cinetopia Holdings, LLC.  When the Court asked defendant to respond to plaintiff's factual contentions, it obfuscated and dodged each fact at issue.  It did not respond to plaintiff's contentions that *when he filed his complaint* (1) Coltman was defendant's member, (2) Cinetopia, LLC was defendant's other possible member and (3) Coltman and Cinetopia Holdings, LLC were members of Cinetopia, LLC.  Defendant instead

---

[3]   Plaintiff requests a telephonic hearing, but such a hearing is not an adequate substitute in these circumstances.

offered its membership *at the time when plaintiff's alleged injury occurred*. Of course, first semester of law school teaches that the Court measures citizenship when plaintiff filed his complaint — not when the alleged injury occurred. See Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004) (time-of-filing rule "quite literally taught to first-year law students in any basic course on federal civil procedure"). Moreover, even if defendant actually believes that the date of plaintiff's injury is relevant, it does not proffer the citizenship of what it alleges was its only member on that date — Cinetopia Holdings, LLC. As a result, defendant actually only responded to *one* of plaintiff's factual contentions: it admitted that it is a limited liability company.

The Court declines to reward defendant's purposeful disregard[4] of its order to respond to plaintiff's factual contentions regarding citizenship. The Court ordered defendant to provide such facts so that it could decide whether this case presents genuine issues with regard to jurisdictional facts and if so, whether to require parties, counsel and Court employees to venture out in a pandemic to resolve them. Defendant has flouted the Court's order and refused to identify any relevant factual issues that a hearing would resolve. Plaintiff has established a plausible theory of subject matter jurisdiction and on the record, it is undisputed. Accordingly, the parties should complete discovery on defendant's citizenship.[5]

---

[4] This is not the first time that defendant has made false or incomplete assertions regarding its citizenship. In its first motion to dismiss, defendant asserted that it is a citizen of Kansas because it is a corporation (not a limited liability company) that is incorporated in and has its principal place of business in Kansas. Memorandum In Support Of Cinetopia Prairiefire, LLC's Motion To Dismiss (Doc. #7). The documents which defendant provided in support, however, clearly showed that it was a limited liability company. See Limited Liability Company Articles Of Organization (Doc. #7-1) (stating three times that defendant is a limited liability company).

[5] As best the Court can ascertain, plaintiff seeks an immediate hearing because he believes that if the Court does not decide subject matter jurisdiction before the statute of limitations expires (which he alleges is April 30, 2020), he could potentially lose the ability to pursue his

(continued…)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Oral Argument On Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #15) filed April 1, 2020 is **OVERRULED**.

Dated this 22nd day of April, 2020 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge

---

[5](…continued)
claim in federal court. See Plaintiff's Memorandum In Opposition To [Defendant's] Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #14) (defendant's motions are attempts to "either push the present case into a court of general jurisdiction or run the clock out and deny Plaintiff redress for his injuries"). This argument is unpersuasive. First, plaintiff decided when, where and how to file his complaint. Federal law — not plaintiff's expedited timetable — governs the Court's decision on subject matter jurisdiction. Second, even if the Court decided subject matter jurisdiction after the alleged limitations period, it is not clear how this would "prejudice Plaintiff's ability to pursue his cause of action with this Court." Plaintiff's Motion For Oral Argument On Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (Doc. #15). The Court either has subject matter jurisdiction or it does not, regardless when it makes that decision. If the Court decides after the limitations period that *it has subject matter jurisdiction*, then it can hear plaintiff's claim, which he apparently timely filed. See Civil Complaint For Damages (Doc. #1) filed February 28, 2020; First Amended Complaint (Doc. #13) filed March 26, 2020. On the other hand, if the Court decides after the limitations period that *it does not have subject matter jurisdiction*, then it cannot hear plaintiff's claim. In this circumstance, the timing of the Court's decision would not have cost plaintiff the ability to pursue his claim in federal court — he never had that ability in the first place. Accordingly, deciding subject matter jurisdiction after the alleged limitations period will not "prejudice" plaintiff, and nothing about this case prevents plaintiff from filing a protective action in a court of general jurisdiction.