## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL L. GRINDLE,          )<br>                             )<br>            Plaintiff,         )<br>                             )<br>v.                           )<br>                             )<br>CINETOPIA PRAIRIEFIRE, LLC,  )<br>                             )<br>            Defendant.        )<br>_____) | CIVIL ACTION<br><br>No. 20-2092-KHV |

### ORDER

On March 26, 2020, plaintiff filed his First Amended Complaint (Doc. #13), which asserted that the Court has subject matter based on diversity of citizenship. Specifically, plaintiff alleged that defendant is a limited liability company, that its member Rudyard Coltman is a citizen of Oregon and that its remaining members, "if any," are citizens of states other than Kansas. First Amended Complaint (Doc. #13) at ¶ 4.

On April 3, 2020, the Court held that plaintiff's speculative allegations were insufficient, and that they appeared to violate Rule 11(b)(3), Fed. R. Civ. P. Order To Show Cause (Doc. #19) (attorneys certify to best of their knowledge, information or belief, "formed after an inquiry reasonable under the circumstances," that factual contentions in pleading have evidentiary support or, "if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). Accordingly, the Court ordered plaintiff to show cause in writing why the Court should not sanction him and his attorney for violating Rule 11.

On April 9, 2020, plaintiff's counsel responded, explaining that he had done considerable research to determine defendant's citizenship. Plaintiff's Response To Show Cause Order (Doc. #20). He also provided an affidavit which detailed the investigative steps that he took to identify defendant's members and where they resided. Affidavit Of James E. Brady, III (Doc. #20-

1).  In the end, counsel's investigation revealed that defendant described its membership differently in different places.  Specifically, defendant's filing with the Kansas Secretary of State listed Rudyard Coltman (an Oregon citizen) as its only member who held at least a five per cent interest.  Other public filings suggested that defendant had another member.  None of the filings showed that other possible members were Kansas citizens.[1]

The Court is satisfied that plaintiff and his counsel fulfilled their obligations under Rule 11(b), Fed. R. Civ. P., which requires the submitting party to perform an inquiry that is reasonable under the circumstances.  Accordingly, the Court declines to impose sanctions.  Ludwikoski & Assocs., Inc. v. Yeti Coolers, LLC, No. 13-2649-EFM, 2014 WL 3767684, at *3 (D. Kan. July 31, 2014) (Rule 11 sanctions reserved for rare and exceptional case where action is clearly frivolous, legally unreasonable or without legal foundation).

**IT IS SO ORDERED.**

Dated this 6th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Counsel explained that defendant's only other possible member was "Cinetopia, LLC," and that according to 2014 public filings, its members were Coltman and "Cinetopia Holdings, LLC."  After researching the matter, counsel was unable to identify the members of Cinetopia Holdings, LLC.