## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL L. GRINDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-2092-KHV-KGG |
| ) | |
| CINETOPIA PRAIRIFIRE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER DENYING
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW BEFORE THE COURT is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 47).  After review of the parties' submissions, the Court **DENIES** Plaintiff's motion.

### BACKGROUND

On February 28, 2020, Daniel L. Grindle sued Cinetopia Prairiefire, LLC, alleging that Defendant negligently caused him to fall and injure himself. Civil Complaint For Damages (Doc. #1).  Plaintiff's First Amended Complaint (Doc. 13), alleging the same cause of action, was filed on March 26, 2020.

Pursuant to the Scheduling Order, the deadline for amending pleadings was June 29, 2020.  (Doc. 35, ¶ 3b.)  Discovery is set to close on January 29, 2021.

(*Id*., ¶ 2b.)  The Pretrial Conference is scheduled for February 9, 2021 with the draft Pretrial Order due on February 2, 2021.  (*Id*., ¶ 4b.)  Trial is to commence on November 8, 2021.  (*Id*., ¶ 4c.)

Plaintiff brings the present motion seeking to amend his complaint to add a count of negligence *per se*.  (Doc. 48.)  He contends that discovery in this case has been "impaired" by the COVID-19 pandemic.  (*Id*., at 1.)  In particular, Plaintiff asserts that his expert "did not have access to the location of the subject incident until October 19, 2020."  (*Id*.)  As such, Plaintiff contends he was "unable to receive and evaluate his expert's report until mid-November 2020."  (*Id*.)  In reality, Plaintiff designated his expert on November 2, 2020, after receiving an extension of the disclosure deadline.  (Docs. 44, 45.)  The Court surmises that Plaintiff's counsel received the report of his expert at some point *before* the designation was made.

Plaintiff continues that the expert report "outlined certain violation of 2012 International Building Code ("2012 IBC") formally adopted by Overland Park, Kansas as city ordinances at the time of the subject incident," which give rise to the proposed claim of negligence *per se*.  (*Id*.)  Plaintiff filed the motion to amend on December 17, 2020 – two months after his expert accessed the location and six weeks after he designated his expert.

## ANALYSIS

Motions to amend pleadings are governed by Fed.R.Civ.P. 15(a), which provides that a pleading may be amended "once as a matter of course within … 21 days after service of a responsive pleading."  Fed.R.Civ.P. 15 (a)(1)(B).  It is undisputed that Defendants have filed their Answer and more than twenty-one (21) days have elapsed.  As such, the Complaint cannot be amended as a matter of course.

Pursuant to Fed.R.Civ.P 15(a)(2), Plaintiff may thus amend "only with the opposing party's written consent or the court's leave."  Courts are to "freely give leave when justice so requires."  *Id*.  "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."  ***Calderon v. Kan. Dept. Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186 (10th Cir. 1999)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted).

Because the deadline to move to amend the pleadings expired prior to the filing of the revised Scheduling Order (*see* Doc. 35), the Court must first consider Plaintiff's request as one to amend the Scheduling Order pursuant to Fed.R.Civ.P. 16.  Rule 16(b)(4) allows modification of a Scheduling Order "only for good cause

and with the judge's consent."  To establish "good cause," the party requesting the extension must establish that the deadline could not have been met with diligence. *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D.Kan.1991); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also* Advisory Committee Note to 1983 Amendment to Fed.R.Civ.P. 16.  "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."  *Gorsuch*, 771 F.3d at 1240.

Within this context, Plaintiff wholly failed to discuss the Rule 16 analysis in his motion and he chose not to file a reply brief.  As such, he has not specifically addressed the "good cause" standard for amending the Scheduling Order.  In the context of Rule 15, however, Plaintiff's motion explains that he was unaware of the proposed cause of action until his expert inspected the premises and his expert was unable to do so until October 2020 because of the pandemic.

In *Garver v. Principal Live Ins. Co.*, the undersigned Magistrate Judge stated that "[c]ertainly, the discovery of a new cause of action during discovery unknown to the Plaintiff before the original amendment deadline constitutes good cause for amending the deadline and allowing the motion out of time."  No. 19-2354-JWB-KGG, 2020 WL 6273474, at *5 (D. Kan. Oct. 26, 2020).  In the present matter, however, Plaintiff has failed to explain why he waited to file his motion to

amend approximately six weeks after he designated the expert in question.  While the Court understand the delay in Plaintiff's expert inspecting the premises and generating his report, there is no explanation for Plaintiff's counsel's six-week delay in moving to amend after the expert was designated.  As discussed above, the Court notes that Plaintiff's counsel had to have received the report before the day the expert was designated, which further elongates this unexplained delay.

Simply stated, Plaintiff has provided good cause for the October inspection of the premises by his expert, but he has also failed to provide good cause for the delay in filing the present motion thereafter.  As such, the Court **DENIES** Plaintiff's motion.  *See **Minter*** v. Prime Equip. Co., 451 F.2d 1196, 1206 (10th Cir. 2006) (citations omitted) (holding that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay.").  *See also **Durham v. Xerox Corp***., 18 F.3d 836, 840 (10th Cir. 1994) (holding that "unexplained delay alone" can be adequate justification for the denial of a motion to amend).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (Doc. 47) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 12th day of January, 2021.

<div style="margin-left: 40%;">

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

</div>