# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANIEL L. GRINDLE,                )
                                  )
        Plaintiff,        )
                                  )
vs.                               )   Case No. 20-2092-KHV-KGG
                                  )
CINETOPIA PRAIRIFIRE, LLC,        )
                                  )
        Defendant.        )
                                  )

## MEMORANDUM & ORDER GRANTING
## MOTION TO EXCLUDE SUPPLEMENTAL EXPERT REPORT

NOW BEFORE THE COURT is Defendant's "Motion to Exclude Plaintiff's Supplemental Expert Report/Opinions as Untimely." (Doc. 61.) After review of the parties' submissions, the Court **GRANTS** Defendant's motion.

## BACKGROUND

On February 28, 2020, Daniel L. Grindle sued Cinetopia Prairiefire, LLC, alleging that Defendant negligently caused him to fall and injure himself. Civil Complaint For Damages (Doc. #1). Plaintiff's First Amended Complaint (Doc. 13), alleging the same cause of action, was filed on March 26, 2020.

Plaintiff timely designated Alan Davidson as an expert on "Human Factors Engineering and Safety Evaluation of [the] Fall" at issue. (Doc. 62-1.) Davidson's

1

report indicates that, along with other materials, he reviewed video of the fall at issue in preparation of his report. (*Id*., at 3.)

Davidson's conclusion was that Plaintiff's "trip and fall occurred as a direct result of well-defined unsafe conditions." (*Id*., at 17.) These unsafe conditions consisted of an unsafe illumination level and the extension of an electrical outlet cover protruding from the floor "above the walking surface was at least 50% higher than allowed" by various regulations and standards. (*Id*.) In essence, Davidson opined that Plaintiff's fall was caused by the area being too dark combined with an outlet that created an unsafe tripping hazard.

Davidson was deposed on February 18, 2021. In his testimony, Davidson confirmed that the work he had completed to that point was sufficient for the opinions given at the deposition. (Doc. 62-2, at 96:2-6.) He also confirmed that he had an "ample" and "fair" opportunity to explain his opinions and conclusions during his deposition. (*Id*. at 97:25 – 98: 7.)

On March 26, 2021, five weeks after the deposition and five weeks before the discovery deadline, Plaintiff's counsel submitted Davison's supplemental report, which was dated March 22, 2021. (Doc. 62-3.) The purpose of Davidson's supplemental report was to address "direct evidence from the video" to questions asked during his deposition regarding whether Plaintiff could have tripped over his own feet. (*Id*., at 3; *see also* Doc. 68, at 1-2.) In the supplemental report, Davison

2

states that he "conducted additional analysis of the video to further substantiate" his opinions. (*Id.*) In the supplemental report, Davidson opines that

> given that the outlet cover plate was fixed in position of the immediate area where the trip occurred, that the outlet cover plate was itself an unreasonably dangerous trip hazard, and that there were simply no other trip hazards on the floor, it is well beyond any reasonable doubt of this author that the trip was cause by the floor outlet cover plate.

(Doc. 62-3, at 9.)

## **ANALYSIS**

Expert disclosures "must be accompanied by a written report – prepared and signed by the witness … ." Fed.R.Civ.P. 26(a)(2)(B). The report "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i). The disclosures must be made "at the times and in in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). Additionally, a party must timely supplement its expert disclosures "if the party learns in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e); *see also* Fed.R.Civ.P. 26(a)(2)(E) (mandating that the parties must supplement their disclosures "when required under Rule 26(e)").

Supplementations of expert reports under Rule 26(e) "'are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.'" ***Finch v. City of Wichita***, No. 18-1018-JWB-ADM, 2019 WL3202239, at *2 (D. Kan. July 16, 2019) (citing ***In re Complaint of C.F. Bean L.L.C.***, 841 F.3d 365, 371 (5th Cir. 2016)). "'Rather, supplementation may only be based upon additional or corrective information that was unavailable when the expert made his or her initial report.'" *Id*. (citing ***Sibley v. Sprint Nextel Corp.***, No. 08-2063-KHV, 2013 WL 1819773, at *3 (D. Kan. Apr. 30, 2013) (internal quotations omitted)).

Defendant contends that "[t]here is no indication that Davison obtained new, undiscovered evidence he was unable to review prior to issuing his original report." (Doc. 62, at 2.) Rather, according to Defendant, Davidson "simply reanalyzed the video and now wants to corroborate, reinforce and substantiate those opinions that were previously offered." (*Id*.) Plaintiff concedes that the supplemental report "does not provide any new opinions or contradict any testimony previously provided in his prior deposition" but rather "is merely more detailed response" to defense counsel's line of questioning in Davidson's deposition. (Doc. 68, at 4.) Defendant, however, disagrees and argues that the supplemental report improperly contains new opinions. (Doc. 69, at 3.)

The Court's review of Davidson's initial report shows that his opinion therein boils down to Plaintiff's fall having been caused by the area being too dark combined with an outlet that created an unsafe tripping hazard.  (62-1, at 17.)  Plaintiff's supplemental report also refers to the "low level of illumination" and concludes that "the trip was cause [sic] by the floor outlet cover plate."  (Doc. 62-3, at 9.)

Whether Davidson's supplemental report contains "new" opinions is not determinative of the Court's decision herein.  As such, it is unnecessary for the Court to split hairs on this point.  What is determinative is that Plaintiff's counsel has provided no justification for providing a supplemental report that contains new opinions or merely contains a more "detailed response" to defense counsel's deposition queries.

Defense counsel's questions as to whether it was possible that Plaintiff had tripped over his own feet does not constitute new or corrective information that was unavailable at the time the report was drafted.  *See* **Finch**, 2019 WL3202239, at *2.  Plaintiff has provided no case law or other legal authority which would allow a supplemental report to be filed in response to deposition questioning from opposing counsel.  Further, Davidson clearly had the opportunity to respond to this line of questioning at the time of the deposition.  Plaintiff's supplemental expert report is untimely and unjustified.  Defendant's motion is **GRANTED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Exclude (Doc. 61) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of April, 2021.

>S/ KENNETH G. GALE
>KENNETH G. GALE
>United States Magistrate Judge